FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 7:24 CR 00554 and 7:25 CR 00433 |
| v. | ) | |
| | ) | DEFENDANT'S REQUEST FOR |
| | ) | SENTENCING DEPARTURE OR VARIANCE |
| KATELIN ABERNATHY | ) | AND SENTENCING MEMORANDUM |
| | ) | |

COMES NOW, the Defendant KATELIN ABERNATHY, through her undersigned attorney, and hereby files this Motion asking this Honorable Court for a departure and/or variance to the Sentencing Guidelines.

By filing this Motion, Ms. Abernathy specifically references, requests and incorporates herein previously filed argument regarding sentencing, including but not limited to Defendant's Objections to the PSR.

The first and easiest objection to address is the amount of credit Ms. Abernathy should receive for this sentence. She entered State custody for offenses reflected in this indictment and has remained in custody since August 23, 2024. The Spartanburg County Solicitor has not dismissed these charges, but has indicated in a written email that they will, provided Ms. Abernathy receives a federal sentence that reflects double digits.

In summary, the second objection to the PSR pertains to the calculation of converted drug weight resulting in a base level offense 36, for the drug charge which ultimately results in a total offense level of 37, resulting in a guidelines range of 324 to 405.

The Defense argues that the correct calculation of converted drug weight results in a base level offense of 32 or 34, which in turn adjusts the guideline range to 210-262 or 262-327, respectively. The importance of this determination is significant. It results in a difference of nearly 10 years if level 32, or more than 5 years if level 34.

It is conceded and agreed that case 7:25 CR 00433 pertaining to a firearms charge must run consecutive to the drug case, and there are no objections as to the calculations pertaining to that case.

**Additionally, upon information and belief, and based on prior conversations with the Government, it is anticipated that the Government will be filing or joining in certain motions for downward departure or variance as to this Defendant, Katelin Abernathy. Such Motions are also referenced and incorporated herein.**

VARIANCE – 3553(a)(1)

THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Although specifically prohibited as a grounds for departure, the family circumstances of Ms. Abernathy are properly considered as grounds for a variance.

In considering the family history of Ms. Abernathy, it becomes apparent how she now finds herself before this court. It is well known to the Government and the agents investigating this case that Ms Abernathy's father was and continues to be very active in drug trafficking. When she was still a child, Ms. Abernathy's father, Christopher Abernathy, taught her how to weigh out drugs for sale. Christopher Abernathy was still in federal prison for drug trafficking when this case began, he has since been released and is now re-arrested for violation of his supervised release.

In addition, Ms. Abernathy suffered a sexual assault in her mother's home by her mother's husband when she was quite young. Not only did her mother fail to protect her, she failed to support her. Around this same time, Katelin Abernathy began drinking and using marijuana daily. She was just 15 years old. Shortly thereafter, she stopped going to school, and was dismissed due to absences. Ms. Abernathy left home at just 16, in search of a safer, more loving place to live. Instead, she found herself in a world of drugs, abuse, and criminal culture, with a man who introduced her to methamphetamine. She became a daily user, finding relief from her demons, and desperate for a way to keep the supply coming.

Katelin Abernathy just turned 27 years old a few months ago. In the nine years between fleeing her mother's home at just 16, and her arrest for these current charges, Katelin Abernathy served a single active incarceration of less than two years on a 4 years sentence pertaining to methamphetamines. That was 2016, she was just 18 years old. While serving that sentence, Ms. Abernathy successfully completed the Addiction Treatment Unit (ATU) program in 2018. Unfortunately, the program only addressed the addiction and not the underlying issues, so it was not long before she was again using methamphetamines – or worse – on a daily basis.

In the five years that followed, Katelin Abernathy never received counseling for the sexual assault inflicted upon her, or for the abuse and neglect of her parents, but once incarcerated for the current offense in Spartanburg, was finally diagnosed by the detention center with PTSD and prescribed Zoloft, Prazosin, and Vistaril. The assertion in paragraph 146 of the PSR that the defendant is not taking prescribed medication is simply false and is directly contradicted by paragraph 147, wherein records confirm that Ms. Abernathy is taking no less than three different medications to address her emotional and mental struggles.

Since coming into Spartanburg detention center for the instant offense, receiving her diagnosis, and for the first time in her life, getting treatment for the underlying mental trauma that was driving her addiction, Katelin Abernathy has experienced a change in perception – of herself as well as the world around her. Officer Scales at the Spartanburg detention center confirmed that Ms. Abernathy has enlisted in each and every class and program made available to her, has fully and enthusiastically participated, and has become a role model to other women who are incarcerated there.

Ms. Abernathy has now spent more time awaiting sentencing on this case than she previously spent incarcerated on prior charges. For the first time, Katelin Abernathy's REAL issues are being addressed, and as such, there is a real and viable hope that when released, she will be able to return to society as a law abiding, productive citizen.

VARIANCE – 3553 (a)(2)

THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE AND PROMOTE RESPECT FOR THE LAW, AND PROVIDE JUST PUNISHMENT FOR THE OFFENSE ; TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT; TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT AND TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRANING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER.

As noted above, the most incarceration Katelin Abernathy has previously served was less than two years on a four year sentence, due to her successful completion of the ATU program. She has now been incarcerated on these charges for more than two years, and is now facing a guidelines measured in decades. She is all but guaranteed to receive a double digit sentence, even with a significant variance or departure.

Virtually all of her criminal career has pertained to her addiction to methamphetamine and other substances, which she used to self medicate her untreated, undiagnosed mental and emotional issues arising childhood abuse, trauma sexual assault and neglect. Now that those issues are being addressed and properly medicated, Ms Abernathy will have better ability to conform to and show respect for the law in the future.

Under this ground, the Court may also consider the mandatory consecutive sentence of five years as to her second (firearms) case, in determining the appropriate sentence as to the drug charge. It may also consider any policy disagreement, especially those pertaining to drugs. This final factor should be considered in light of the whole picture of this particular defendant, including the childhood issues set forth above, and most especially in light of the Defendant’s relative youth, being in her early 20s at the time of these offenses, and just 25 at the time of her arrest.

WHEREFORE, the Defendant respectfully asks this Honorable Court to grant a departure and/or variance in sentencing.

Respectfully submitted,
s/Cassandra Gorton
Cassandra Parks Gorton
Fed. ID# 11424
109 Laurens Road, 4-D
Greenville, SC 29607
Telephone: 864-201-1604

August 29, 2025
Greenville, SC